IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN BRADIN,  :
    Petitioner  :
      :
    v.  :  Civil Action No. AW-13-cv-749
      :
EDWARD F. REILLY, et al  :
    Respondents  :
    o0o

## **MEMORANDUM**

In the above-captioned Petition for Writ of Mandamus filed on March 11, 2013, John Bradin alleges that he is entitled to full credit on his federal sentence for time served in state custody. He further alleges that the federal detainer should be released as his due process right to a parole revocation hearing has been violated. ECF No. 1. Respondents have filed a Motion to Dismiss (ECF No. 8) and Petitioner has responded.[1] ECF Nos. 11 & 17. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Local Rule 105.6 (D. Md. 2011).

Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show: that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138

---

[1] Petitioner has also filed two Emergency Motions for Expedited and Hearing. ECF Nos. 13 & 14. The motions will be denied as moot. Further, to the extent Bradin claims his rights under the Americans with Disabilities Act have been violated those claims are not properly before this Court. He is free to file the appropriate complaint concerning these claims in the United States District Court for the District of Missouri. He has also filed a Motion for Summary Judgment (ECF No. 17) in further opposition to the Respondent's Answer.

Petitioner's Motions for Default Judgment (ECF Nos. 10 & 16) shall be denied. The properly named Respondents filed a timely response to the Petition.

Petitioner's second Motion to Appoint Counsel (ECF No. 12) shall also be denied.

(4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Oregon Nat. Resource Council v. Harrell*, 52 F. 3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

On July 10, 1975, Petitioner was sentenced by the United States District Court for the Western District of Missouri to a 25 year term of incarceration for bank robbery. The sentence was reduced on October 20, 1975, to 15 years. ECF No. 8, Ex. 1. On June 10, 1980, Petitioner was paroled, to remain under parole supervision until February 4, 1990. *Id*., Ex. 2.

On April 2, 1985, the U.S. Parole Commission revoked Petitioner's parole, directed he receive no street time credit, and ordered he be reparoled after 16 months. *Id.*, Ex. 3. On June 2, 1987, he was reparoled, with an order to remain under supervision until September 29, 1995. *Id*., Ex. 4.

On March 25, 1988, Petitioner's parole was again revoked, however, he retained street time credit, and when he was reparoled on July 5, 1988, his full term date remained September 29, 1995. *Id*. Exs. 5 & 6. On October 11, 1989, Petitioner's parole was again revoked. *Id*. Ex. 7. Petitioner retained street time credit, and was reparoled on May 10, 1991 with his full term date remaining unchanged. *Id*., Ex. 8.

On September 9, 1992, the Commission issued a warrant charging Petitioner with multiple violations of the conditions of parole including felony theft, sodomy, kidnaping, and absconding from supervision. *Id*., Ex. 9. Petitioner was in state custody in Missouri awaiting trial on the new criminal charges and the Commission's warrant was placed as a detainer against him. *Id*., Ex. 10. The warrant was supplemented on February 10, 1993, listing additional criminal charges. *Id*., Ex. 11. On June 4, 1993, the warrant was again supplemented to reflect that Petitioner had been convicted of robbery and armed criminal assault in Jasper County, Missouri Circuit Court and sentenced to a 10 year term of confinement. *Id*., Ex. 12.

In 1994, the Commission conducted an "on-the-record" review of the detainer. Petitioner, through counsel, requested the Commission order an immediate revocation hearing. *Id*., Ex. 13. The Commission entered an order on February 9, 1994, to "let detainer stand." *Id*., Ex. 14. In 1999, in response to correspondence from Petitioner, counsel for the Commission advised Petitioner that the authority he cited in support of his position that the Commission could not maintain the detainer against him was no longer valid law. *Id*., Exs. 15 & 16. On October 15, 2003, by notice of action, the Commission affirmed its prior determination to let he detainer stand. *Id*., Ex. 17. The Commission's detainer has not been executed.

Because Petitioner is currently confined pursuant to a valid conviction, he is not entitled

3

to a prompt parole revocation hearing. *See Moody v. Daggett*, 429 U.S. 78, 87– 88 (1976) (parole revocation warrant filed as a detainer at the prison where Petitioner is held pursuant to a conviction that is the basis for the parole revocation is not an executed warrant and does not give rise to a protected liberty interest requiring prompt hearing); *see also Larson v. McKenzie*, 554 F. 2d 131, 132 (4th Cir. 1977). Absent a clear obligation to provide a parole revocation hearing, Petitioner is not entitled to mandamus relief and this case shall be dismissed by separate Order which follows.

To the extent that Petitioner alleges that the Commission is required to grant him concurrent service of his federal violator term with the balance of his state sentence, he is in error. The Commission's decision whether the parolee's violator term will run consecutively or concurrently to his new prison term is committed to the discretion of the Commission. *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir. 1981) (holding Commission substantive decisions to set parole are committed to unreviewable agency discretion). The Commission's regulations provide as a matter of policy that a parole violator term is to run consecutively to any new sentence a parole violator may receive. *See* 28 C.F.R. § 2.47(e)(2); *Smith v. U.S. Parole Commission*, 875 F.2d 1361, 1364 (9th Cir. 1989) (Commission has the sole authority to decide when to execute its warrant and "the federal government has no duty to take anyone into custody.")

The issuance of a federal parole violation warrant tolls the running of the sentence, and it does not begin to run again until the warrant is executed. *See Russie v. U.S. Dept. of Justice*, 708 F.2d 1445, 1448 (9th Cir. 1983) ("such a warrant bars the expiration of a parolee's sentence and maintains the Commission's jurisdiction to retake the parolee even if the retaking occurs after the

scheduled expiration date of the parolee's sentence.") The statutes establishing the federal standard for parole violation and service of a federal violator term may not be undercut by state authorities. In other words, state courts, in imposing state sentences, are not authorized to grant an individual credit against his federal sentence, but only against their own state sentence.

This result is compelled by the principle of dual sovereignty. As the U.S. Court of Appeals noted in *United States v. Sackinger*, 704 F.2d 29, 32 (2d Cir. 1983), "under the dual sovereignty principle [a defendant] could not, by agreement with the state authorities, compel the federal government to grant a concurrent sentence." Where federal officials are not parties to the state plea bargain and/or sentencing determination, courts "reject any implication that the federal court is obligated to comply with the terms of the plea agreement entered into between the defendant and state authorities." *Id.; see also Saulsbury v. United States*, 591 F.2d 1028, 1035 (5th Cir. 1979) ("Unless the United States has somehow induced a state guilty plea by making a representation as to concurrency . . ., a [parole violator] has no right to serve his sentences concurrently and may not protest when the federal government will not take him into custody until his intervening state sentence is served."); *Hawley v. United States*, 898 F.2d 1513, 1514 (11th Cir. 1990) (finding that in the absence of federal involvement in a state plea bargain, federal courts are "not bound by the state court's intentions and [are] free to use [their] own discretion in applying federal law to determine the conditions of the [defendant's] federal sentence").

Likewise, a state judge has no authority to direct the actions of the Commission. *See Cotton v. U.S. Parole Commission*, 992 F.2d 270 (10th Cir. 1993) (holding that the "Commission is an independent entity that is not bound by a state judgment in which it did not participate..."

even if the Commission's running of the violator's term consecutive rather than concurrent to the state sentence frustrates the intent of the state sentencing judge.) *See also Meagher v. Clark*, 943 F.2d 1277, 1282 (11th Cir. 1991) (holding under principle of dual sovereignty, that petitioner could not be granted credit on federal sentence that he had resumed serving, as result of federal parole violation, for time incarcerated under voided, intervening state sentence, even though plea in state court provided that state and federal sentences were to run concurrently.)

In light of the foregoing, Petitioner is not entitled to mandamus relief. A separate Order follows.

October 2, 2013 /s/
Alexander Williams, Jr.
United States District Judge